**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EARL MICHAEL MORLAN,** | ) |
| **#2106-2714-7428,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 21-cv-01021-JPG** |
| | ) |
| **ADVANCED CORRECTIONAL** | ) |
| **HEALTHCARE, INC.,** | ) |
| **NURSE DANIELLE,** | ) |
| **and DR. LOCKHEART,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Earl Michael Morlan, a detainee at Marion County Law Enforcement Center ("Jail") located in Salem, Illinois, brings this action pursuant to 42 U.S.C. § 1983.  (Doc. 1). Plaintiff was taken into custody after suffering two heart attacks, and he complains that the defendants failed to provide him with adequate follow-care for his heart condition.  (*Id*. at 6).  He seeks monetary relief against them.  (*Id*. at 7).  Given the potentially urgent nature of the claims, the Court will take up this matter without delay.  *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): Prior to his detention at the Jail on May 23, 2021, Plaintiff suffered two heart attacks. The first occurred in December 2020, and the second occurred in February 2021. Plaintiff reported both heart attacks to Nurse Danielle during his healthcare screening on July 1, 2021, and he provided her with information about his medication and treatment with a cardiologist. (*Id*.).

When he requested emergency medical attention for chest pains on June 3, 2021, Plaintiff was taken by ambulance to a hospital for treatment. He later returned to the Jail with instructions for follow-up treatment with a cardiologist. No care was provided by Nurse Danielle, Dr. Lockheart, or a cardiologist. Nurse Danielle told Plaintiff that it was not necessary. (*Id*.).

When Plaintiff reported chest pains two weeks later, he was again transported by ambulance to a hospital for treatment. He was given the same instructions for follow-up care upon his release from the emergency room. No care was provided. (*Id*.).

Approximately two weeks later, Plaintiff reported chest pains all weekend. He was not taken to the hospital for treatment until the following Monday. He received still another recommendation for follow-up treatment with a cardiologist. The Jail's staff has yet to provide any follow-up treatment at all. (*Id*.).

## Discussion

Based on the allegations summarized herein, the Court designates a single count in the *pro se* Complaint:

**Count 1 -** Eighth and/or Fourteenth Amendment claim against Defendants for denying Plaintiff follow-up care with a medical provider, including a cardiologist, after he was treated in a hospital / emergency room for three bouts of chest pain in June and July 2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Count 1 shall receive further review against Nurse Danielle and Dr. Lockheart.  According to the allegations, both defendants delayed or denied Plaintiff follow-up care recommended by medical professionals who treated him for chest pain on three occasions.  These allegations articulate a claim against both defendants under the Eighth Amendment deliberate indifference standard that is applicable to claims of inadequate medical care for a serious medical condition brought by a convicted prisoner, *see Estelle v. Gamble*, 429 U.S. 97 (1976), and the Fourteenth Amendment objective unreasonableness standard that applies to the same claims brought by a pretrial detainee, *see Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018).  Count 1 shall receive further review against both individual defendants.

However, Advanced Correctional Healthcare, Inc. shall be dismissed.  Plaintiff names the private medical corporation as a defendant in the case caption of the complaint, but he fails to mention this defendant in the statement of his claim.  Merely naming a party in the case caption is not enough to state a claim against it.  Plaintiff must set forth specific allegations of constitutional wrongdoing against each defendant.  And, in the case of a private medical corporation, the plaintiff must point to a policy, custom, or widespread practice of the corporation that caused the violation of his rights.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("[A] private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself").  Because he failed to do so, Count 1 shall be dismissed without prejudice against the private medical corporation.

**<u>Interim Relief</u>**

Plaintiff includes no request for interim relief in the Complaint, but he may wish to do so at some point during the pending action.  If so, Plaintiff may file a motion for temporary restraining order ("TRO") and/or preliminary injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure *at any time*.  There, he should set forth the exact relief he seeks and the reasons he requires it.

**<u>Disposition</u>**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening.  **COUNT 1** will proceed against **NURSE DANIELLE** and **DR. LOCKHEART**, but this claim is **DISMISSED** without prejudice against **ADVANCED CORRECTIONAL HEALTHCARE, INC.**

**<u>The Clerk of Court is DIRECTED to TERMINATE Advanced Correctional Healthcare, Inc. as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.</u>**

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **NURSE DANIELLE** and **DR. LOCKHEART**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/20/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.