**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EARL MICHAEL MORLAN,** | ) |
| **#2106-2714-7428,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )        **Case No. 21-cv-01021-JPG** |
| | ) |
| **NURSE DANIELLE,** | ) |
| **DR. LOCKHEART, and** | ) |
| **MARION COUNTY LAW** | ) |
| **ENFORCEMENT CENTER JAIL** | ) |
| **ADMINISTRATOR,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter came before the Court on Plaintiff Earl Michael Morlan's motion for preliminary injunction filed September 1, 2021.  (Doc. 19).  In the motion, Plaintiff explains that he suffered two heart attacks before he was taken into custody at Marion County Law Enforcement Center ("Jail") on May 23, 2021.  He has since suffered from several bouts of chest pain and seeks further evaluation and treatment with a cardiologist in Mt. Vernon, Illinois.  (*Id*.).  Defendants filed a response in opposition to the motion on September 10, 2021, and they assert that Plaintiff has been provided with consistently competent care at the Jail.  (Doc. 25).

The Court held a hearing on Plaintiff's motion on September 14, 2021.  Plaintiff appeared by video *pro se* and offered testimony in support of the motion.  Attorney Betsy Wirth appeared by video on behalf of Defendants.  For the reasons stated on the record and summarized herein, the motion is **DENIED**.

1

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Mays v. Dart*, 974 F.3d at 817-18. The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id.* (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Based on the evidence and arguments presented, the Court finds that Plaintiff has not satisfied the requirements for a preliminary injunction. He has not shown some likelihood of success on the merits of his claim, the lack of an adequate remedy at law, or the likelihood of irreparable harm if relief is denied. *See Mays*, 974 F.3d at 821-22 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008) (emphasis in original)).

Plaintiff testified that he suffered a heart attack resulting in catheterization and stent placement in December 2020. Upon his release from the hospital, he stopped taking his heart medications and resumed use of methamphetamines. Plaintiff suffered a second heart attack that resulted in stent repair in February 2021. Upon his release from the hospital, Plaintiff again relapsed and stopped taking his heart medications while using methamphetamines.

When he was taken into custody on May 23, 2021, Plaintiff disclosed his medical history and his recent noncompliance with his prescription drug treatment plan. Defendants monitored his condition and provided him with his prescription heart medications. However, he again stopped taking one or more of his heart medications, this time citing cost concerns.

When he complained of chest pains on three separate occasions, Defendants sent him to the local hospital emergency room for treatment in June, July, and/or August 2021.  Each time, he underwent an EKG, bloodwork, chest x-rays, etc., and the results were normal.  Because the local hospital had no cardiologist on staff, Plaintiff was told to follow up with a cardiologist once or twice.  In the meantime, he was strongly encouraged to take his heart medications as prescribed.

Plaintiff testified that he was taken to the emergency room a fourth time this past weekend, on September 11, 2021.  He again underwent testing, in the form of an EKG, chest x-rays, and bloodwork.  All tests showed normal results.

Plaintiff confirmed that he is now taking his heart medications as prescribed.  However, he continues to suffer pain.  Plaintiff still seeks a referral to a cardiologist in Mt. Vernon, Illinois, for another catheterization and possible stent repair.

The Court has considered the submissions of both parties and the evidence presented in connection with Plaintiff's request for preliminary injunctive relief to date.  The Court notes that Plaintiff is under the care of the defendants, and he has confirmed that he is taking his medication as prescribed.  He also confirms that he was seen in the local hospital's emergency room just three days ago, and a battery of tests produced normal results on September 11, 2021.  Give this, the Court finds that Plaintiff has failed to making the requisite showing for preliminary injunctive relief, and Plaintiff's motion is therefore **DENIED**.  However, the denial is without prejudice, leaving Plaintiff free to renew his request for a preliminary injunction at any time it becomes necessary to do so during the pending action.

**IT IS SO ORDERED.**

**DATED: 9/14/2021**                                          s/J. Phil Gilbert
                                                                         **J. PHIL GILBERT**
                                                                         **United States District Judge**