**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EARL MICHAEL MORLAN,** | ) | |
| **#2106-2714-7428,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 21-cv-01021-JPG** |
| **vs.** | ) | |
| | ) | |
| **DANIELLE WARD,** | ) | |
| **DR. LOCKHEART,** | ) | |
| **and MARION COUNTY LAW** | ) | |
| **ENFORCEMENT CENTER JAIL** | ) | |
| **ADMINISTRATOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for case management.  Plaintiff Earl Michael Morlan filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 2021.  (Doc. 1).  In the Complaint, Plaintiff alleges that he suffered two heart attacks before he was taken into custody at Marion County Law Enforcement Center, and he was denied adequate follow-up treatment during his detention there.  (*Id*.).  Following screening of this matter under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single claim under the Eighth or Fourteenth Amendment against Defendants Ward and Lockheart for denying him sufficient follow-up care with a medical provider after he was treated in a hospital emergency room for chest pain in June and July 2021.  (Doc. 6).

At the time this case was opened and screened, the Court entered two Orders advising Plaintiff of his ongoing obligation to notify the Court and parties of any address change within seven (7) days.  (*See* Doc. 3; Doc. 6, p. 5).  In both Orders, Plaintiff was explicitly warned that the case would be dismissed for failure to timely notify the Court of any changes in his address.  (*Id*.)

1

(citing FED. R. CIV. P. 41(b)).  Both Orders were mailed to Plaintiff at the address he provided at Marion County Law Enforcement Center.

Pursuant to a Scheduling and Discovery Order entered January 11, 2022, Defendants Ward and Lockheart were required to file dispositive motions on the merits by November 11, 2022. (Doc. 40).  They filed a joint motion for summary judgment on the deadline.  (Doc. 47).  Plaintiff's response in opposition to the motion was due on or before December 12, 2022, and the Court reminded him of this deadline and the consequences of failing to respond in a Rule 56 Notice. (Doc. 48).  When Plaintiff filed no response and requested no extension, the Court entered the following order:

> ORDER TO SHOW CAUSE: Plaintiff failed to file a response in opposition to the [47] Motion for Summary Judgment filed by Dr. Lockheart and Danielle Ward by the deadline of December 12, 2022. He also failed to request an extension of this deadline before it expired or at any time since. This was despite a [48] Rule 56 Notice entered by this Court on November 14, 2022, that warned Plaintiff of the consequences of failing to respond to the pending motion. As stated in the Rule 56 Notice, the Court may consider any uncontested factual assertion undisputed for purposes of the motion and also grant summary judgment if the materials on file show that the moving party is entitled to it. See Fed. R. Civ. P. 56(e)(2)-(3). Moreover, Local Rule 7.1(c) provides that the Court may, in its discretion, construe a party's failure to file a timely response to a motion for summary judgment as an admission of the merits of the motion. SDIL-LR 7.1(c). The Court hereby ORDERS Plaintiff to SHOW CAUSE on or before December 29, 2022, why the Court should not construe his failure to timely respond to the pending summary judgment motion as a decision not to contest the facts presented in the motion and/or an admission of the merits of the motion and, if appropriate, grant summary judgment for the defendants. **Plaintiff is WARNED that failure to either file a response to this Order to Show Cause or file a response to the pending motion for summary judgment by this deadline shall result in dismissal of this action for failure to comply with a court order, for lack of prosecution under Fed. R. Civ. P. 41(b), and pursuant to the Courts inherent authority to manage its docket. See In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995).**

(Doc. 50) (emphasis added).  In other words, Plaintiff was warned that his case would be dismissed, if he failed to respond to the show cause order on or before December 29, 2022.  (*Id*.).  Plaintiff did not respond to this order or request an extension of time to respond.

Mail addressed to Plaintiff at Marion County Law Enforcement Center was also returned to the Court undelivered.  (*See* Docs. 48 and 49).  Therefore, the Court entered a second show cause order, as follows:

> ORDER TO SHOW CAUSE: Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (See Docs. 3 and 6). One or more documents mailed to Plaintiff by the Court has been returned undelivered. (See Docs. 48 and 49). **Plaintiff is hereby ORDERED to SHOW CAUSE on or before DECEMBER 29, 2022, why this action should not be dismissed based on his failure to comply with the Court's Orders at Docs. 3 and 6 to update his address and for failure to prosecute his claims. Fed. R. Civ. P. 41(b). Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action without prejudice. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.**

(Doc. 51).  Plaintiff was again warned that his case would be dismissed, if he failed to respond to the show cause order on or before December 29, 2022.  (*Id.*).  Plaintiff did not respond to the second show cause order or request an extension of time to respond.

To date, the Court has received no response to the two show cause orders.  Plaintiff has not responded to the pending summary judgment motion.  He has also failed to provide the Court with any notice of an updated address or an explanation for the returned mail.  More than a month has passed since the deadline for his summary judgment response expired, and more than two weeks have passed since the deadline for his response to the show cause orders expired.  The Court has received no communication from Plaintiff since March 16, 2022.  (*See* Doc. 43).

Having disregarded numerous court orders to timely update his address (Docs. 3 and 6) and respond to the show cause orders (Docs. 50 and 51), the Court now finds that Plaintiff has failed to comply with the Orders at Docs. 3, 6, 50 and 51 and also failed to prosecute his claims herein.  Accordingly, this action shall be dismissed without prejudice, and the pending motion for summary judgment (Doc. 47) shall be terminated.

<u>**Disposition**</u>

**IT IS ORDERED** that this action is **DISMISSED** without prejudice because Plaintiff has not complied with the Court's Orders to update his address (Docs. 3 and 6), has not responded to the Orders to Show Cause (Docs. 50 and 51), and has failed to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993). The pending motion (Doc. 47) is **TERMINATED**. The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  1/18/2023**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**
